### No. 497
### BROWN v. STATE

Ohio Appeals, 2nd Dist., Franklin Co.
No. 1245. Decided March 25, 1925

661. INTOXICATING LIQUOR—Intent of Congress and State legislature, to prohibit sale of any compound or preparation containing alcohol, which is capable of being used as a beverage.

465. ERROR—The 30 day limit for proceedings in, does not apply to keeping place of selling intoxicating liquors.

BY THE COURT.

David Brown was charged before a magistrate with the offense of being the unlawful keeper of a place where intoxicating liquors

were sold in violation of 13195 GC. He was found guilty and fined. Error was prosecuted in the Franklin Common Pleas where the judgment of the magistrate was affirmed. The case was taken on error to the Court of Appeals.

Brown declared that he was a druggist and that certain preparations or compounds were sold which contained alcohol. The State contended that the analysis of the preparation showed it to contain 23.7% alcohol by volume. Brown declared that the preparation was sold as a medicine, and not a beverage. The Court of Appeals held:

1. Medicinal prpearations, unfit for beverage purposes may be manufactured, etc.

2. State statutes and National Prohibition Act may be construed together to show that a violation was committed.

3. Intent of Congress and State Legislature was clearly to prohibit sale of any compound capable of being used as a beverage, and which contains more alcohol than the minimum allowed.

4. Evidence in this case is sufficient to show that the compound actually sold by Brown was capable of being used as a beverage, and the sale thereof was in violation of 6212-15 GC.

5. Proceeding in error, under 1915-20 GC., providing for filing within 30 days, does not apply to prosecutions under 13195 GC. for keeping place where intoxicating liquors are sold, and the present case brought after 30 days was therefore begun in time.

Judgment affirmed.

Attorneys—Wilbur E. King for Brown; C. C. Crabbe and Don V. Parker for State; all of Columbus.